1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LANCE ALYN BENSON,                    No.  2:21-cv-1650 WBS AC P

12                   Plaintiff,

13          v.                              ORDER AND FINDINGS AND
                                            RECOMMENDATIONS
14    JOHN DOWBAK, et al.,

15                   Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18    has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Also before the

19    court are plaintiff's numerous amendments to the complaint (ECF Nos. 9, 16, 19, 27), motions for

20    counsel (ECF Nos. 10, 26), motions for a preliminary injunction (ECF Nos. 12, 15, 20, 21, 24,

21    28-30), motion for this case to be heard by a district judge (ECF No. 8), and motion for judicial

22    review (ECF No. 11).

23          I.      Application to Proceed In Forma Pauperis

24          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

25    § 1915(a).  ECF Nos. 7, 23.  Accordingly, the request to proceed in forma pauperis will be

26    granted.

27          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

28    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.    Amendments to the Complaint

Plaintiff has filed a motion to amend the complaint as well as several documents which he identifies as amendments to the complaint.  ECF Nos. 9, 16, 19, 27.

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  Plaintiff's putative amendments are improper as they seek to simply add claims or defendants to the original complaint and are not pleadings complete in themselves.  The amendments will therefore be disregarded.  With respect to plaintiff's motion to amend, Federal Rule of Civil Procedure 15(a) permits amendment to the complaint once as a matter of course within twenty-one days of serving it or within twenty-one days of service of a responsive pleading.  Plaintiff is therefore within the time for amending the complaint as a matter of course and does not require leave of the court to amend the complaint.  The request for leave to amend will therefore be denied as unnecessary.  However, plaintiff is advised that if he does not file an amended complaint within forty-five days of the service of this order, the court will assume that he is choosing to proceed on the original complaint, which will then be screened in due course without consideration of any of the allegations contained in either his amendments or motion to amend.

If plaintiff chooses to file an amended complaint, he is advised that his claims must be set forth in short and plain terms, simply, concisely, and directly.  In light of the number of defendants named in the original complaint and the number of defendants plaintiff appears to be attempting to add to the complaint, plaintiff is further advised that he may join multiple claims if they are all against a single defendant, Fed. R. Civ. P. 18(a), and joinder of defendants is only

1    permitted if "any right to relief is asserted against them . . . with respect to or arising out of the

2    same transaction, occurrence, or series of transactions or occurrences; and any question of law or

3    fact common to all defendants will arise in the action," Fed. R. Civ. P. 20 (emphasis added).  In

4    other words, joining more than one claim is only proper when it is against one defendant, and

5    joining multiple defendants in one complaint is only proper when the action is based on the same

6    facts.  Plaintiff is also cautioned that any amended complaint must allege in specific terms how

7    each named defendant was involved in the deprivation of his rights.  See Barren v. Harrington,

8    152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal

9    involvement of the defendant." (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980))).

10         III.      Motions for Appointment of Counsel

11        Plaintiff has requested the appointment of counsel.  ECF Nos. 10, 26.  The United States

12    Supreme Court has ruled that district courts lack authority to require counsel to represent indigent

13    prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

14    certain exceptional circumstances, the district court may request the voluntary assistance of

15    counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

16    1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

17        "When determining whether 'exceptional circumstances' exist, a court must consider 'the

18    likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

19    pro se in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,

20    970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden

21    of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to

22    most prisoners, such as lack of legal education and limited law library access, do not establish

23    exceptional circumstances that would warrant a request for voluntary assistance of counsel.

24        Plaintiff requests counsel on the grounds that the issues in the case are complex, his

25    imprisonment greatly limits his ability to litigate, the case will involve conflicting testimony, he

26    has limited access to the law library and limited legal knowledge, and he has been unable to find

27    an attorney to represent him.  ECF No. 10, 26.  The circumstances plaintiff identifies are common

28    to most inmates and therefore do not establish extraordinary circumstances.  Furthermore, the

1   complaint has yet to be screened, so the court is unable to determine whether plaintiff has any

2   likelihood of success on the merits.  For these reasons, plaintiff has not shown the existence of

3   extraordinary circumstances warranting the appointment of counsel and the motion will be

4   denied.

5         IV.    Motions for Preliminary Injunction

6         Plaintiff has filed eight motions for a preliminary injunction seeking various types of

7   relief.  ECF Nos. 12, 15, 20, 21, 24, 28-30.

8         "A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to

9   succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of

10  preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is

11  in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations

12  omitted).  If the moving party cannot show a likelihood of success on the merits, "'serious

13  questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff

14  can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a

15  likelihood of irreparable injury and that the injunction is in the public interest."  All. for the Wild

16  Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

17        Because the court has not yet screened the complaint and plaintiff has indicated an

18  intention to amend the complaint, plaintiff cannot show that he has a likelihood of success on the

19  merits, much less that the law and facts clearly favor his position.  Furthermore, with the

20  exception of plaintiff's first and last motions, the claims in his motions for injunction do not have

21  any apparent relation to the claims at issue in the complaint, which alleges deliberate indifference

22  based on delays in surgery for a broken hand and shoulder injury.[1]  The Ninth Circuit has held

23  that in order to prevail on a motion for preliminary injunctive relief

24  _____

25  [1] The first and last motions request an order for medical treatment related to plaintiff's hand and
    shoulder.  ECF Nos. 12, 30.  The first through seventh motions also requests injunctive relief
26  related to medical treatment unrelated to plaintiff's hand and shoulder injuries, mail and
    packages, access to the law library, the removal of information from plaintiff's records, rules
27  violations and discipline imposed, processing of grievances, allocation of good-time credits,
    general retaliation, visitation, crushing of medication, plaintiff's trust account, custody status, and
28  plaintiff's stimulus payment.  ECF No. 12, 15, 20, 21, 24, 28, 29.

                                            4

1
2
3
4
5
6

> there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.  This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself.   The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally."  <u>De Beers Consol. Mines</u>[ v. United States], 325 U.S. [212,] 220, 65 S. Ct. 1130 [(1945)].  Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

7   <u>Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.</u>, 810 F.3d 631, 636 (9th Cir. 2015).

8   Accordingly, the majority of plaintiff's requests for relief are outside the authority of this court.

9   With respect to those requests that do relate to the underlying complaint, although plaintiff has

10   made allegations that he is suffering as a result of the failure to provide him adequate medical

11   care, he has not provided any evidence that supports these claims aside from his own conclusory

12   statements.  <u>See</u> <u>Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.</u>, 736 F.3d 1239, 1251 (9th

13   Cir. 2013) ("Those seeking injunctive relief must proffer evidence sufficient to establish a

14   likelihood of irreparable harm.").

15   A district court also has no authority to grant relief in the form of a preliminary injunction

16   where it has no jurisdiction over the parties.  <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 584

17   (1999) ("Personal jurisdiction[, too,] is an essential element of the jurisdiction of a district . . .

18   court, without which the court is powerless to proceed to an adjudication." (alteration in original)

19   (citation and internal quotation omitted)).  Plaintiff largely seeks relief based on the conduct of

20   non-defendant prison officials, whose future conduct he seeks to enjoin.  The court does not have

21   jurisdiction over those individuals unless plaintiff provides facts showing that they are acting "in

22   active concert or participation" with the defendants.  Fed. R. Civ. P. 65(d)(2); <u>Zenith Radio Corp.</u>

23   <u>v. Hazeltine Rsch., Inc.</u>, 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in

24   contempt until shown to be in concert or participation.")).  Plaintiff has failed to provide any such

25   facts.  To the extent plaintiff seeks relief from named defendants, no defendant has been served.

26   <u>See</u> <u>Zepeda v. United States Immigr. & Naturalization Serv.</u>, 753 F.2d 719, 727 (9th Cir. 1985)

27   ("A federal court may issue an injunction if it has personal jurisdiction over the parties and

28   subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons

1   not before the court.").  Because the claims in the motion for injunction are unrelated to the

2   claims underlying this case or unsupported by evidence and the court lacks jurisdiction over the

3   individuals against whom plaintiff seeks injunctive relief, the motions should be denied.

4           Plaintiff is advised that if he chooses to file another motion for preliminary injunction, the

5   court is unlikely to take any action until the defendants from whom he seeks relief have been

6   served and had an opportunity to respond to the motion.

7           V.      Motion for a District Judge

8           Plaintiff has filed a motion requesting that this case be heard by the "9th District Court."

9   ECF No. 8.  The motion references the form regarding plaintiff's consent or decline of magistrate

10  judge jurisdiction and states that he has declined to consent to magistrate judge jurisdiction.  Id.

11  It therefore appears that plaintiff is requesting his case be heard by a district judge.  The motion is

12  granted to the extent that a district judge has been assigned to this case.  However, plaintiff is

13  advised that the fact that he has declined magistrate judge jurisdiction does not mean that a

14  magistrate judge will not be involved in this case.  All matters remain referred to the undersigned

15  for the issuance of orders on all non-dispositive matters and findings and recommendations on

16  dispositive matters.  See L.R. 302(c)(17) (referring all prisoner civil rights cases to magistrate

17  judges including dispositive and non-dispositive motions and matters); 28 U.S.C. § 636(b)

18  (permitting magistrate judges to hear and determine non-dispositive matters and to submit finding

19  and recommendations on dispositive matters).  Absent consent to the magistrate judge as the

20  presiding judge, however, all final decision regarding case-dispositive matter will be made by a

21  district judge.

22          VI.     Motion for Judicial Review

23          Plaintiff has filed a motion requesting that the court review various rules violation reports.

24  ECF No. 11.  This motion will be denied.  If plaintiff seeks to challenge his rules violations he

25  received, he must do so either in a civil action under 42 U.S.C. § 1983 or a petition for habeas

26  corpus, depending upon whether success on the merits would necessarily mean a speedier release

27  date.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (federal habeas corpus relief is

28  available only for challenges to the duration or legality of a prisoner's confinement);Nettles v.

Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) ("[I]f a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983," (internal citations omitted)).  This court does not conduct independent reviews of prisoner disciplinary matters.  Furthermore, plaintiff's disciplinary actions appear unrelated to the issues before the court in this action because the complaint alleges claims of deliberate indifference to plaintiff's medical needs.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2, 7) are GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's amendments to the complaint (ECF Nos. 9, 16, 19) are DISREGARDED.

4.  Plaintiff's motion for leave to amend (ECF No. 27) is DENIED as unnecessary.  If plaintiff does not file an amended complaint within forty-five days of the service of this order, the court will assume that he is choosing to proceed on the original complaint, which will then be screened in due course without consideration of the supplemental filings.

5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

6.  Plaintiff's motions for appointment of counsel (ECF Nos. 10, 26) are DENIED.

7.  Plaintiff's motion for a district judge (ECF No. 8) is GRANTED to the extent a district judge has been assigned to this case.  In all other respects, the motion is DENIED.

8.  Plaintiff's motion for judicial review (ECF No. 11) is DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's motions for a preliminary injunction (ECF Nos. 12, 15, 20, 21, 24, 28-30) be DENIED.

1         These findings and recommendations are submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

3    after being served with these findings and recommendations, plaintiff may file written objections

4    with the court and serve a copy on all parties.  Such a document should be captioned "Objections

5    to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

6    objections within the specified time may waive the right to appeal the District Court's order.

7    Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8    DATED: May 9, 2022

9                                    ALLISON CLAIRE

10                                   UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28