1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LANCE ALYN BENSON,                    No.  2:21-cv-1650 WBS AC P

12                    Plaintiff,

13        v.                               ORDER

14   JOHN DOWBAK, et al.,

15                    Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.

18   Currently before the court is plaintiff's first amended complaint.  ECF No. 35.  Also before the

19   court are plaintiff's motions for a court order requiring defendants to respond to the complaint

20   and to compel discovery.  ECF Nos. 36, 37.

21        I.        Statutory Screening of Prisoner Complaints

22        The court is required to screen complaints brought by prisoners seeking relief against "a

23   governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

24   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

25   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

26   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

27        A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

2   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

3   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

4   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

5   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

6   Franklin, 745 F.2d at 1227-28 (citations omitted).

7        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

8   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

9   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

10  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

11  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

12  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

13  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

14  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

15  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

16  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

17  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

18  cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

19  R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

20       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

21  relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

22  Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

23  content that allows the court to draw the reasonable inference that the defendant is liable for the

24  misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

25  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

26  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

27  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

28  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

1    II.    First Amended Complaint

2        The first amended complaint names as defendants Gavin Newsom, Governor of

3    California; Kathleen Allison, Secretary of the California Department of Corrections and

4    Rehabilitation (CDCR); and Scott F. and Marcus Pollard, Wardens of Pleasant Valley State

5    Prison (PVSP) and Richard J. Donovan Correctional Facility (RJD), respectively.  ECF No. 35 at

6    2.  The complaint describes various conduct that plaintiff alleges violates his rights, including

7    harassment by unidentified officers and prisoners, transfers, property loss and damage, unjust

8    rules violations reports, and inadequate medical care.  Id. at 4-25.  The alleged conduct appears to

9    have occurred at PVSP, RJD, Kern Valley State Prison (KVSP), and Folsom State Prison, with

10   the majority of violations taking place at PVSP and RJD.  Id.

11   III.    Failure to State a Claim

12       "There is no respondeat superior liability under section 1983," Taylor v List, 880 F.2d

13   1040, 1045 (9th Cir. 1989) (citation omitted), and the complaint does not contain any facts

14   showing that any of the named defendants were personally involved in any constitutional

15   violations or were aware of them and failed to intervene.  Instead, it appears that plaintiff has

16   named these individuals based solely on their supervisory positions.  This is not sufficient to state

17   a claim for relief.  See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisor can be

18   liable for his personal involvement or if there is a sufficient causal connection between

19   supervisor's conduct and violation (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989))).

20   IV.    Improper Joinder

21       The first amended complaint is also improper as it brings multiple, unrelated claims,

22   against more than one defendant.  If plaintiff chooses to amend the complaint, he is advised that

23   he may only join multiple claims if they are all against a single defendant, Fed. R. Civ. P. 18(a),

24   and he may only join defendants where the right to relief arises out of the same "transaction,

25   occurrence, or series of transactions," and "any question of law or fact common to all defendants

26   will arise in the action," Fed. R. Civ. P. 20(a)(2).  In other words, joining more than one claim is

27   only proper when it is against one defendant, and joining multiple defendants in one complaint is

28   only proper when the claims against them are based on the same facts.  Plaintiff must decide

3

1   which related claims and defendants he wants to pursue in this action, and any unrelated claims

2   involving different defendants must be brought in separate suits.

3       V.      Leave to Amend

4       The first amended complaint does not state any cognizable claims for relief and plaintiff

5   will be given an opportunity to file an amended complaint.  If plaintiff chooses to file a second

6   amended complaint, he must demonstrate how the conditions about which he complains resulted

7   in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also,

8   the complaint must allege in specific terms how each named defendant is involved.  Arnold v.

9   Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42

10  U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions

11  and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations

13  are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

14      Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

15  his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

16  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

17  amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

18  1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

19  Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

20  in subsequent amended complaint to preserve appeal).  Once plaintiff files a second amended

21  complaint, any previous complaints no longer serve any function in the case.  Therefore, in an

22  amended complaint, as in an original complaint, each claim and the involvement of each

23  defendant must be sufficiently alleged.

24      In the event plaintiff chooses to amend the complaint, he should keep the following

25  standards in mind.

26      The unauthorized deprivation of property by a prison official, whether intentional or

27  negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation

28  remedy.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  "California Law provides an adequate

4

post-deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895).  Therefore, only an intentional and authorized deprivation of property may constitute an actionable § 1983 claim for violation of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted).  Rather, with respect to prison disciplinary proceedings that include the loss of good-time credits, an inmate must receive (1) twenty-four-hour advanced written notice of the charges against him, id. at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," id. at 564 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," id. at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex, id. at 570; and (5) a sufficiently impartial fact finder, id. at 570-71.  A finding of guilt must also be "supported by some evidence in the record."  Superintendent v. Hill, 472 U.S. 445, 454 (1985).

A prison official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  He must then fail to take reasonable measures to lessen the substantial risk of serious harm.  Id. at 847.  Negligent failure to protect an inmate from harm is not actionable under § 1983.  Id. at 835.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Id. (some internal

1  quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

2      VI.    Motions for a Court Order and to Compel Discovery

3         Plaintiff has filed motions seeking an order requiring defendants to respond to the

4  complaint and to compel discovery.  ECF Nos. 36, 37.  Because the first amended complaint does

5  not state a claim for relief, the motion for an order requiring defendants to respond to the

6  complaint will be denied.  Since service has not yet been found proper for any defendant, the

7  motion to compel is premature and will be denied.

8      VII.    Plain Language Summary of this Order for a Pro Se Litigant

9         Your complaint will not be served because the facts you alleged are not enough to state a

10  claim.  You have not alleged any facts showing any conduct by the named defendants.  The

11  proper defendant for a § 1983 claim is the person who violated your rights or caused the violation

12  to happen.  Wardens and high-ranking state officials cannot be sued under § 1983 for things that

13  correctional officers or other prison staff do.  You may amend your complaint to try to fix these

14  problems.  Be sure to provide facts that show exactly what each defendant did to violate your

15  rights or to cause a violation of your rights.

16         If you choose to file a second amended complaint, it must include all claims you want to

17  bring.  Once an amended complaint is filed, the court will not look at any information in any

18  previous complaints.  **Any claims and information not in the second amended complaint will**

19  **not be considered.**

20         In accordance with the above, IT IS HEREBY ORDERED that:

21      1.  Plaintiff's first amended complaint fails to state a claim upon which relief may be

22  granted, see 28 U.S.C. § 1915A, and will not be served.

23      2.  Within thirty days from the date of service of this order, plaintiff may file a second

24  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

25  of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the

26  docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to

27  file an amended complaint in accordance with this order will result in a recommendation that this

28  action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

4. Plaintiff's motion for an order requiring a response to the complaint (ECF No. 36) is DENIED.

5. Plaintiff's motion to compel discovery (ECF No. 37) is DENIED.

DATED: June 22, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE