UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE ALYN BENSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOWBAK, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-1650 WBS AC P<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a second amended complaint.  ECF No. 40.

　　I.　　Procedural History

　　　　On September 13, 2021, the court received plaintiff's original complaint.  ECF No. 1. Plaintiff then proceeded to file several amendments to the complaint (ECF Nos. 9, 16, 19), which were disregarded because they were not complete pleadings (ECF No. 31 at 2, 7).  Plaintiff was given the option of either proceeding on the original complaint without consideration of the supplemental filings or filing a first amended complaint.  Id. at 7.  Plaintiff was advised that if he chose to amend the complaint "his claims must be set forth in short and plain terms, simply concisely, and directly."  Id. at 2.  Given the number of defendants in the original complaint and supplements, he was also advised that :

////

1

> he may join multiple claims if they are all against a single defendant, Fed. R. Civ. P. 18(a), and joinder of defendants is only permitted if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20 (emphasis added). In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the action is based on the same facts.

Id. at 2-3.

Plaintiff proceeded to file a first amended complaint (ECF No. 35), which was screened and found to not state any claims for relief (ECF No. 38). In addition to failing to state any cognizable claims, the first amended complaint was found to be improper because it brought multiple, unrelated claims against more than one defendant. Id. at 3-4. Plaintiff was given leave to file a second amended complaint and reminded of the rules for proper joinder. Id. at 3-4. Plaintiff has now filed a second amended complaint. ECF No. 40.

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A pleading that properly states a claim for relief contains:

> (1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Federal courts use great leniency when construing the "inartful pleading[s]" of pro se litigants. Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam) (citing Haines v. Kerner, 404 U.S. 519 (1972)). However, the court may dismiss a complaint on the grounds that a plaintiff has not satisfied Federal Rule of Civil Procedure 8(a) if it provides "multiple opportunities to comply, along with specific instructions on how to correct the complaint." Hearns v. San Bernadino Police Dep't., 530 F.3d 1124, 1130 (9th Cir. 2008) (citing McHenry v. Renne, 84 F.3d 1172, 1178-79 (9th Cir. 1996)).

In addition, a plaintiff can join multiple claims if they are all against a single defendant, Fed. R. Civ. P. 18(a), and joinder of defendants is only permitted if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20.  In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the action is based on the same facts.

### III.     Second Amended Complaint

The second amended complaint is forty-seven pages long and relates a number of different incidents spanning a period of four years and at least five prisons.  ECF No. 40.  Plaintiff names over one hundred individuals and entities, in addition to making claims against numerous Doe defendants, and the defendants appear to include wardens and other supervisory staff, correctional officers and counselors, medical staff, and appeals coordinators and examiners.  Id.  It appears that plaintiff is claiming that he has been subject to various forms of retaliation, interference with his access to the courts, unauthorized taking of his property, theft of his funds, and issues with his medical care.  ECF No. 40 at 7-47.  However, the lengthy and rambling narrative does not set forth plaintiffs' claims for relief in a manner that is clearly identifiable to the court or that would clearly put defendants on notice of the exact nature of the allegations against them.

The substance of plaintiff's complaint is masked by the sheer mass of claims and defendants and is far from a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court can dismiss a complaint "for a violation under Rule 8(a)(2) . . . [where] the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." Hearns, 530 F.3d at 1131 (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)) (internal quotation marks omitted).  Plaintiff's complaint is also excessive in scope and length because he has ignored the court's directives regarding proper joinder.  The claims are not multiple claims against one party, or one set of facts that involve all of the defendants.  The complaint is comprised of numerous different claims about a variety of unrelated incidents regarding over one hundred people.

For these reasons, plaintiff's second amended complaint does not satisfy the pleading requirements established by the Federal Rules of Civil Procedure and it will not be served.

IV.    Leave to Amend

Plaintiff will be given one final opportunity to amend the complaint. If plaintiff chooses to file a third amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a third amended complaint, the original and all prior amended complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is reminded that his claims must be set forth in short and plain terms, simply, concisely, and directly. The court (and defendants) should be able to read and understand plaintiff's pleading within minutes. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (pointing out that the form complaint for negligence previously provided in the Federal Rules "can be read in seconds and answered in minutes"). A long, rambling pleading that includes

many defendants with unexplained, tenuous, or implausible connection to the alleged constitutional injury, or that joins a series of unrelated claims against many defendants, will very likely violate Rule 8 and result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Federal Rule of Civil Procedure 41 for violation of these instructions.

Finally, plaintiff is reminded that he may join multiple claims if they are all against a single defendant, Fed. R. Civ. P. 18(a), and joinder of defendants is only permitted if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20.  In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the claims against them are based on the same facts.  Failure to comply with these rules will result in a recommendation that this action be dismissed for failure to comply with a court order and the rules of this court.

V.	Plain Language Summary of this Order for a Pro Se Litigant

Your second amended complaint will not be served because it does not contain a short, plain statement of your claims and the court is unable to determine the specifics of any of the claims you are attempting to make.

You may amend your complaint to try to fix these problems.  Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights.

If you choose to file a first amended complaint, it must include all claims you want to bring.  Once an amended complaint is filed, the court will not look at any information in the original or previous amended complaints.  **Any claims and information not in the third amended complaint will not be considered.**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint fails to comply with Federal Rule of Civil Procedure 8, see 28 U.S.C. § 1915A, and will not be served.

////

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with this order and with the Rule 8 standard of a short, plain statement. The amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint." An amended complaint that does not comply with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: July 22, 2022

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE