UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE ALYN BENSON, | No. 2:21-cv-1650 WBS AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOHN DOWBAK, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a third amended complaint. ECF No. 43.

I. Procedural History

On September 13, 2021, the court received plaintiff's original complaint. ECF No. 1. Plaintiff then proceeded to file several amendments to the complaint (ECF Nos. 9, 16, 19), which were disregarded because they were not complete pleadings (ECF No. 31 at 2, 7). Plaintiff was given the option of either proceeding on the original complaint without consideration of the supplemental filings or filing a first amended complaint. Id. at 7. He was advised that if he chose to amend the complaint "his claims must be set forth in short and plain terms, simply concisely, and directly." Id. at 2. Given the number of defendants in the original complaint and supplements, plaintiff was also advised that

////

1

> he may join multiple claims if they are all against a single defendant, Fed. R. Civ. P. 18(a), and joinder of defendants is only permitted if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20 (emphasis added). In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the action is based on the same facts.

Id. at 2-3.

Plaintiff proceeded to file a first amended complaint (ECF No. 35), which was screened and found to not state any claims for relief (ECF No. 38). In addition to failing to state any cognizable claims, the first amended complaint was found to be improper because it brought multiple, unrelated claims against more than one defendant. Id. at 3-4. Plaintiff was given leave to file a second amended complaint and reminded of the rules for proper joinder. Id. at 3-4.

Plaintiff then filed a second amended complaint. ECF No. 40. Upon screening, the second amended complaint was found to violate Federal Rule of Civil Procedure 8 and the rules for proper joinder and plaintiff was given one final opportunity to amend the complaint. ECF No. 41. He was also reminded of the rules for proper joinder and Rule 8's requirement that the complaint contain a short and plain statement of his claims. Id. at 4-5.

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A pleading that properly states a claim for relief contains:

> (1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Federal courts use great leniency when construing the "inartful pleading[s]" of pro se litigants. Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam) (citing Haines v. Kerner, 404 U.S. 519 (1972)). However, the court may dismiss a complaint on the grounds that a

plaintiff has not satisfied Federal Rule of Civil Procedure 8(a) if it provides "multiple opportunities to comply, along with specific instructions on how to correct the complaint." Hearns v. San Bernadino Police Dep't., 530 F.3d 1124, 1130 (9th Cir. 2008) (citing McHenry v. Renne, 84 F.3d 1172, 1178-79 (9th Cir. 1996)).

In addition, a plaintiff can join multiple claims if they are all against a single defendant, Fed. R. Civ. P. 18(a), and joinder of defendants is only permitted if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20.  In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the action is based on the same facts.

III.    Third Amended Complaint

The third amended complaint is forty pages long and recounts a number of different incidents spanning a period of over three years and at least four prisons.  ECF No. 40.  Plaintiff names seventy-seven individuals and entities and thirty-one Doe defendants.  Id. at 1-2.  The defendants appear to include wardens and other supervisory staff, correctional officers, medical staff, and appeals coordinators and examiners.  Id.  It appears that plaintiff is claiming that he has been subject to deliberate indifference to his medical needs; various forms of retaliation, including the unauthorized taking of his property and interference with his medical care; and disciplinary proceedings that violated due process.  Id. at 4-6.  However, the lengthy and rambling narrative once again does not set forth plaintiffs' claims for relief in a manner that is readily identifiable to the court or that would clearly put defendants on notice of the exact nature of the claims against them.

Though plaintiff has pared down the complaint to some degree, he has not done so in a meaningful way.[1]  The substance of plaintiff's complaint is masked by the sheer mass of claims

---

[1] The second amended complaint was forty-seven pages; named over one hundred individuals and entities, as well as Doe defendants; and included incidents spanning a period of four years and at least five prisons.  ECF No. 40.

and defendants and is not a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A court can dismiss a complaint "for a violation under Rule 8(a)(2) . . . [where] the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." Hearns, 530 F.3d at 1131 (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)) (internal quotation marks omitted).  Plaintiff's complaint is also excessive in scope and length because he has continued to ignore the court's directives regarding proper joinder.  The claims are not multiple claims against one party, nor one set of facts that involve all of the defendants.  The complaint is comprised of numerous different claims about a variety of unrelated incidents involving over one hundred people.

For these reasons, plaintiff's third amended complaint once again fails to comply with this court's orders and does not satisfy the pleading requirements established by the Federal Rules of Civil Procedure or the rules for proper joinder.

### IV. Dismissal for Failure to Follow a Court Order

As set forth above, plaintiff has consistently failed to follow the court's orders regarding amendment of the complaint, and therefore it is recommended that his third amended complaint be dismissed without leave to amend.  "District courts have inherent power to control their dockets," Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986), and "may dismiss an action for failure to comply with any order of court," Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (citing Fed. R. Civ. P. 41(b)).

> In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

Id. at 1260-61 (quoting Thompson, 782 F.2d at 831; Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986)).  The five-factor test is a balancing test, so not all five factors need to support dismissal for it to be found appropriate. Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

The first two factors indicate that the case should be dismissed.  It is important that the

court manage its docket without being subject to the routine noncompliance of litigants, Ferdik, 963 F.2d at 1261, and the public's interest in expeditious resolution of litigation always weighs towards dismissal, Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  Here, the court told plaintiff on multiple occasions that his amended complaint must contain a short, plain statement of the claims and that he could not include unrelated claims and defendants in one complaint.  ECF Nos. 31, 38, 41.  Plaintiff is on his third amended complaint, and despite the court's specific instructions on how to proceed, this case has not moved beyond the screening phase.  Plaintiff's continued failure to comply with the instructions given has led to this case consuming "large amounts of the court's valuable time that it could have devoted to other major and serious . . . cases on its docket."  Ferdick, 963 F.2d at 1261.  Therefore, the first two factors weigh heavily towards dismissal.

        The risk of prejudice to defendants also weighs more heavily towards dismissal.  "In determining whether a defendant has been prejudiced, [the court] examine[s] whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."  Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987) (citation omitted).  The Ninth Circuit "has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure."  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (citing Alexander v. Pac. Mar. Ass'n, 434 F.2d 281 (9th Cir. 1970); Pearson v. Dennison, 353 F.2d 24 (9th Cir. 1968)).  This is because "[t]he law presumes injury from unreasonable delay."  Id. (citing States S.S. Co. v. Philippine Air Lines, 426 F.2d 803, 804 (9th Cir. 1970)).  Here, plaintiff has repeatedly failed to obey the court's orders regarding the amendment of his complaint, resulting in the complaint remaining unserved.  His repeated failure to comply with the court's instructions, as well as the Federal Rules of Civil Procedure, creates undue delay, prejudices defendants, and overburdens the court.

        The fourth factor weighs against dismissal, since "public policy strongly favors disposition of actions on the merits."  Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted).

Finally, the availability of less drastic alternatives also weighs towards dismissal. The court does not need to explore every option before dismissing a case. Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). The court only needs to ensure that "possible and meaningful alternatives be reasonably explored, bearing in mind the drastic foreclosure of rights that dismissal effects." Id. In addition, "case law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." Malone, 833 F.2d at 132 (citations omitted). Here, the court explored alternatives to dismissal. The court explicitly told plaintiff what was wrong with his complaints and gave him specific instructions on how to remedy the problems on multiple occasions. ECF Nos. 31, 38, 41. The court also warned plaintiff that failure to comply with the court's instructions would result in a recommendation of dismissal. ECF Nos. 38, 41. However, the plaintiff's most recent complaint, does not contain a short, plain statement of his claims and has improperly joined defendants and claims. ECF No. 43. Plaintiff does not appear willing to comply with the orders of the court and providing further opportunities to comply appears to be futile. As a result, the court is justified in concluding that there are no less drastic alternatives, and the fifth factor weighs towards dismissal.

Four out of the five factors of analysis weigh more heavily towards dismissal. As a result, the court concludes that the circumstances of this case favor involuntary dismissal and the amended complaint should be dismissed without leave to amend for failure to comply with court orders.

V.   Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your third amended complaint be dismissed because you have continually failed to follow the Federal Rules of Civil Procedure and the orders of the court. You have been repeatedly ordered to keep your complaint short and simple and to include only defendants and claims that are properly related, which you have repeatedly failed to do. As a result, your complaint is far too convoluted for the court to identify and evaluate your claims. Given your repeated failure to follow instructions, allowing you to amend the complaint again would be futile because it would not fix the issues with the complaint.

6

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that the third amended complaint be dismissed without leave to amend and this case be dismissed for failure to comply with the court's orders and the Federal Rules of Civil Procedure.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 9, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE